Philip McGrady
**MCGRADY LAW FIRM**
P.O. Box 40
Park City, Montana 59063
406-322-8647 (phone)
406-324-8313 (fax)
philip@mcgradylawfirm.com

Attorney for the Plaintiffs

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| REX FARR, on Behalf of Himself and Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> PINNACLE SERVICES, INC., <br><br> *Defendants*. | Cause No. _____ <br><br> **COMPLAINT** <br><br> COLLECTIVE ACTION |

**SUMMARY**

1. Rex Farr brings this collective and class action lawsuit against his employer, Pinnacle Services, Inc. ("Pinnacle") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"). Pinnacle employed Farr as a heavy equipment operator in a solid waste landfill that it operates. Although he regularly worked in excess of 40 hours a week, Pinnacle failed to pay Farr overtime pay. Instead, Pinnacle paid him a day rate plus per

diem and performance-based bonuses. This collective and class action seeks to recover the unpaid overtime wages and other damages owed to Farr and other similarly situated workers.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is therefore proper under 28 U.S.C. §§ 1391 (b) and (c) because Pinnacle resides in this District and Division and because a substantial part of the events giving rise to this claim occurred in this District and Division.

## THE PARTIES

4. Farr worked for Pinnacle as a heavy equipment operator during the relevant statutory period. Throughout his employment with Pinnacle, Farr was paid a day rate with no overtime compensation even though he regularly worked in excess of forty (40) hours in a week. Farr's written consent is attached.

5. Farr brings this action on behalf of himself and all other similarly situated equipment operators. Pinnacle paid these blue collar oilfield workers a day rate and did not pay them any overtime premium for hours worked in excess of 40 in a workweek, even though they regularly worked in excess of 84 hours in a workweek.

6. Pinnacle is a Montana corporation with its principal place of business in Billings, Montana. Pinnacle employed and/or jointly employed Farr and other heavy equipment operators at solid waste landfills it operates.

## FACTS

7. Pinnacle operates solid waste landfills that dispose of contaminated material from oil field sites. Farr and similarly situated equipment operators were employed by Pinnacle to drive the bulldozers and perform maintenance work.

8. In each of the past three years, Pinnacle's gross revenues exceeded $500,000, both individually and collectively.

9. Pinnacle's employees routinely handle or work on goods or materials – such as hard hats, bulldozers, tools, steel toe boots, automobiles, computers, and cell phones – that have moved in, or were produced for, interstate commerce.

10. Over the past three years, Pinnacle employed dozens of individuals – including Farr – as heavy equipment operators.

11. Pinnacle's heavy equipment operators primarily operate bulldozers at landfills.

12. Pinnacle, at all relevant times, paid their heavy equipment operators (including Farr) a day rate for the work they perform. Pinnacle maintains employment records on them, can terminate their employment, determine their work locations, and set their compensation.

13. For the purposes of their right to overtime pay, Pinnacle's heavy equipment operators, including Farr, perform similar job functions. To the extent their job duties vary, those differences are not relevant for determining their right to overtime pay.

14. As nonexempt employees, Pinnacle's heavy equipment operators, including Farr, were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of forty in a workweek.

15. Pinnacle, however, only paid its heavy equipment operators, including Farr, a flat amount per day for days they worked plus per diem and performance-based bonuses.

16. Pinnacle did not pay its heavy equipment operators, including Farr, additional overtime premium required by the FLSA.

17. Pinnacle paid Farr $325 per day worked plus $50 per diem and bonuses based on job evaluations and safety performance. By the end of his employment, Pinnacle paid $375 per day plus bonuses based on job evaluations, but no per diem.

18. Pinnacle scheduled Farr for 84 hours of work per week.

19. Pinnacle's work week was Sunday through Saturday.

20.     Farr and the other heavy equipment operators worked a rotating schedule of two weeks on, seven days per week, twelve hours per day with a week off between rotations.

21.     Pinnacle knows its heavy equipment operators, including Farr, work many more than 40 hours in a week because Pinnacle knows it regularly scheduled them to work 84 hours per week.

22.     It is well established that blue collar workers – like Pinnacle' heavy equipment operators – are not exempt from the overtime provisions of the FLSA. Pinnacle knows their heavy equipment operators, including Farr, are not exempt from the FLSA's overtime provisions.

23.     Pinnacle received complaints about its failure to pay overtime. Pinnacle, however, did not start paying overtime until March 2016.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Pinnacle' practice of paying a day-rate with no overtime pay to non-exempt workers who work over forty hours in a workweek violates the FLSA.

25.     Farr brings his claims under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

26.     Pinnacle's practice of paying a day rate with no overtime pay affects all the heavy equipment operators in a similar manner because, as explained above, these employees perform similar, non-exempt job duties related to operating

bulldozers and performing maintenance work at solid waste landfills. Accordingly, Pinnacle's heavy equipment operators are similarly situated because they are owed overtime for the same reasons as Farr.

27.  The collective action class is, therefore, properly defined as:

**All heavy equipment operators employed by Pinnacle since August 1, 2013.**

## Cause of Action – Violation of the FLSA

28.  By failing to pay its heavy equipment operators overtime at one-and-one-half times their regular rates, Pinnacle violated the FLSA's overtime provisions.

29.  Pinnacle owes Farr and the other heavy equipment operators the difference between the rate actually paid and the proper overtime rate. Because Pinnacle knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

30.  Pinnacle also owes Farr and the other heavy equipment operators an amount equal to the unpaid overtime wages as liquidated damages.

31.  Farr and the other heavy equipment operators are entitled to recover all reasonable attorneys' fees, costs, interest, and expenses incurred in this action.

## PRAYER

Wherefore, Farr prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Farr and the other heavy equipment operators all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Farr and the other heavy equipment operators may show themselves to be justly entitled.

Dated August 5, 2016.

                                    Respectfully submitted,

                                    **/s/ Philip McGrady**

                                    _____
                                    Philip McGrady
                                    Attorney for Plaintiffs